1 | GREG A. KLAWITTER (SBN 222746)
2 | Greg.Klawitter@ceartaslegal.com
  | **CEARTAS LEGAL LLP**
3 | 2262 Carmel Valley Road, Suite F
  | Del Mar, California 92014
4 | Tel: (858) 356-9759          NOTE: CHANGES MADE BY THE COURT
  | Fax: (619) 374-7389
5 |
6 | Attorneys for Defendant THE LATINO COALITION, INC.

7 | John E. Lattin (SBN 167876)
8 | **OSTERGAR LATTIN JULANDER LLP**
  | 9110 Irvine Center Drive
9 | Irvine, CA 92618
  | Telephone: (949) 357-2544
10 | Facsimile: (949) 305-4591
  | E-mail: jlattin@ostergar.com
11 |
  | Attorney for Plaintiff HECTOR BARRETO
12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR BARRETO, | **Case No.: 2:24-cv-5227 MRA (JPRx)** |
| Plaintiff, | ***AMENDED* STIPULATED PROTECTIVE ORDER** |
| v. | District Judge: |
| THE LATINO COALITION, INC.; and DOES 1-10, inclusive, | Hon. Monica Ramirez Almadani |
| Defendants. | Magistrate Judge: |
| | Hon.  Jean P. Rosenbluth |
| | |
| | Complaint: May 17, 2024 |
| | Removal: June 21, 2024 |
| | Answer: June 20, 2024 |
| | Trial Date: TBD |

The above-captioned action by Plaintiff Hector Barretto ("Plaintiff") asserts claims against Defendant The Latino Coalition ("Defendant") (collectively, the "Parties").

**Plaintiff's Statement of Good Cause:**

The litigation of this action may require Plaintiff, Defendant, and/or third parties to disclose personal, sensitive, confidential, and/or privileged medical and psychological information and records concerning Plaintiff and/or third parties referenced therein ("Confidential Materials"). Plaintiff, Defendant and any referenced third parties have legitimate confidentiality, privilege, and/or privacy expectations in such Confidential Materials, which should be protected from public disclosure. If such Confidential Materials are disclosed or disseminated in an unprotected manner, it may cause substantial harm to Plaintiff, Defendant and any referenced third parties.

**Defendant's Statement of Good Cause:**

Plaintiff and Defendant may produce certain documents in this case that contain confidential financial and third party information. Such information may implicate privileges and/or the privacy interests of the Party or individual and are properly protected through a Fed. R. Civ. P. 26(c) Protective Order.

To protect Confidential Materials from unauthorized disclosure outside of this action, the Parties stipulate to the following Protective Order:

## I.    DEFINITIONS

1.    "**Action**" means the case entitled *Barreto v. The Latino Coalition*, currently pending in the Central District of California, Case No. 2:24-cv-5227 MRA (JPRx).

2.    "**Materials**" are those items and information produced or disclosed by a Party or Party witness in the course of discovery (e.g., initial disclosures, written discovery, requests for production, depositions,

subpoenas, medical/psychological examination, expert reports/testimony) and includes, but is not limited to, all items or information, regardless of the medium in which it is contained or the manner in which it is generated, stored, or maintained (including among other things, all materials defined in Fed. R. Evid. Rule 1001, testimony transcripts, recordings and videos, written records or summaries, and tangible things) that are produced, disclosed or generated in Fed. R. Civ. 26 disclosures, written discovery, requests for production, depositions, subpoenas, medical/psychological examination, expert reports/testimony, and other discovery methods in this Action  that is, in good faith, deemed to be "Confidential" within the conditions of this Protective Order by the Party to which such Materials belong, to which any such Party has possession, custody or control, or as to which any Party asserts any right or interest.

3.      **"Counsel"** will mean outside counsel of record and other attorneys, paralegals, secretaries, and other support staff employed by the law firms for the Parties in this action.

4.      **"Designating Party"** means the Party designating Materials as "Confidential."

5.      **"Disclosing Party"** means the Party disclosing to another Party, or to any entity or individual not a party to this Action, Materials designated as "Confidential" by any Party to this Action.

6.      **"Receiving Party"** means the Party receiving the Materials designated as "Confidential," including experts retained by a Party and any other person to whom a Party discloses "Confidential" Material.

7.      **"Submitting Party"** means the Party submitting for filing the Materials designated as "Confidential" with the Court.

## II.      GENERAL RULES

1.      **Designation of Materials as "Confidential."** The Parties may

designate as "Confidential" any Materials, or portions thereof, that have not been made public and the disclosure of which would violate a Party or non-party's right of privacy recognized by the United States and/or California Constitution, and/or is protected by a statutory privilege. Notwithstanding the foregoing, "Confidential" Materials shall not include information or documents produced or disclosed that are or become, without violating this Protective Order and apart from production or disclosure in connection with this Action, a matter of public record or publicly available by law or otherwise.

2.      **Good Faith Basis for Designation**. The designation by any Designating Party of any Materials as "Confidential" shall constitute a representation such Materials have been reviewed by Counsel for the Designating Party, and there is a good faith basis both in law and fact for such designation. The Designating Party must take care to limit any such designation to specific material that qualifies as "Confidential." Where a material (e.g., document, writing, photograph, audio or video recording, electronic data or content, transcript, or record) contains information that is "Confidential" and other information that is non-confidential, the Designating Party to the extent practicable shall only designate the specific content that is "Confidential" information. Indiscriminate or routinized designations are prohibited. Upon a showing of good cause, the Court may impose sanctions on a Designating Party for designations that are clearly unjustified or that have been made for an improper purpose (e.g, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties).

3.      **Method for Designating Materials as "Confidential**." The designation of Materials as "Confidential" shall be made as follows:

a)      **Documents**. Documents or other tangible Materials shall,

at the time of their production by the Designating Party, be so designated by stamping or labeling the same with the legend "Confidential" on each page containing any such Materials and identifying by highlight or other transparent overlay the specific content or text on the page that is "Confidential".  If the entire content or text on a page is "Confidential," no highlight or transparent overlay is necessary.

b)    **Electronic data, objects, photographs, video, or other intangible or non-written Material.**  Any Material that is not a document, including electronic data, objects, film, photographs, videos, intangible or non-written Material, for which it is infeasible or impractical to affix a stamp, label, highlight or overlay identifying the Material, or portions thereof, as "Confidential," may be designated as "Confidential" by any practical written or electronic means that clearly places the Receiving Party on notice that the Material is designated "Confidential."

c)    **Deposition Testimony.** Deposition Testimony shall be designated "Confidential": (a) at the taking of the deposition by a statement on the record by Counsel at the time of such disclosure; or (b) by written notice sent to Counsel of record for all Parties thereof within fourteen (14) days after receipt of the deposition transcript, identifying the portions of the transcript to be designated "Confidential." In both of the foregoing instances, Counsel for the Designating Party shall direct the legend "Confidential" be affixed to the portions of the original and all copies of the transcript containing any such Materials. The Parties shall not permit deposition transcripts to be distributed to persons beyond those specified in Paragraph II.5 below until the relevant period for the designation has expired.  The Designating Party will have the right to exclude from attendance at the deposition, during such time as the "Confidential" information is to be disclosed, any person other than the deponent, Counsel (including their staff

and associates), the court reporter, and any person who is already known to be privy to the "Confidential" information.

       d)   **Materials Subject to Inspection**.  In the event the Designating Party elects to produce Materials for inspection, no marking need be made by the Designating Party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "Confidential" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying or reproduction by the inspecting party, the Designating Party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain "Confidential" information with the appropriate marking.

       4.   **Inadvertent Failure to Identify Documents as "Confidential**." Any Party who inadvertently fails to identify Materials as "Confidential" shall have ten business (10) days from the date of discovery of the oversight to correct such failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced Materials. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the Material is treated in accordance with the provisions of this Protective Order.

       5.   **Disclosure of "Confidential" Materials**. The Materials designated as "Confidential" pursuant to Paragraph II.1 of this Protective Order shall not be disclosed to any other person or entity without a Court Order, except to:

       a)   **Parties**. The Parties and directors or employees of the Parties assisting Counsel for the purposes of this Action;

       b)   **Counsel**. Counsel to the Parties in this Action (outside counsel, of counsel, and in-house counsel), members of their firms, associate

attorneys, contract attorneys, paralegals, secretarial staff, regular and temporary employees, and service vendors of such Counsel (including outside copying services and outside litigation support services such as translations services or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings);

c)    **Deposition or Trial Witnesses**. A potential deposition or trial witness or other percipient witness to Plaintiff's allegations and/or Defendant's defenses who reasonably appears to the Disclosing Party to have information concerning or involving the "Confidential" Materials.

d)    **Experts and Consultants**.    Outside experts and consultants engaged by Counsel or by a Party to assist in this Action, who shall use such Materials solely for purposes of this Action, provided each such outside expert or consultant signs an Acknowledgment in the form attached hereto as Exhibit "A" prior to receiving any "Confidential" Materials. An executed Exhibit "A" shall not be discoverable by the opposing Party except upon Court Order for good cause shown;

e)    **The Court**. The Court and its staff and administrative personnel, the jury, Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court;

f)    **Mediators**. Professionals engaged as a mediator, arbitrator, or other neutral, and settlement judges;

g)    **Authors/Recipients**. Any authors or recipients of the "Confidential" Materials, or anyone who Counsel for the Party believes, in good faith, had access to the "Confidential" Materials before the designation as "Confidential"; and

h)    **Others**. Any other person only upon Court Order or upon stipulation of the Parties.

6.    **Filing Under Seal**. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "Confidential" are filed with the Court for any purpose, the Submitting Party seeking to file such Material must seek permission of the Court to file the Material under seal in full compliance with Local Rule 79-5. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the "Confidential" or otherwise privileged Material. Unless otherwise directed by the Court, the Submitting Party must file a 'public' version of any document it seeks to file under seal. In the public version, the Submitting Party may redact only that information that is deemed "Confidential." The Submitting Party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the "Confidential" portions of the document(s) be filed under seal and setting forth good cause for the request.

7.    **Challenges to "Confidential" Designation**. At any time after the designation of Material as "Confidential" and consistent with the Court's scheduling order, Counsel for the Receiving Party may challenge the "Confidential" designation of any such Material (or portion of such Material) by providing to Counsel for the Designating Party a written notice of such challenge identifying the documents, transcripts, or other Materials or items of information challenged and setting forth the reasons for such challenge. In the event Counsel for the Designating Party does not agree to withdraw its

claim of Confidentiality, Counsel for the Designating Party shall have sixty (60) days from receipt of the notice in which to seek a further protective order from the Court with respect to the Materials at issue in full compliance with Local Rule 37. The burden shall be on the Designating Party to justify the designation of the Materials as "Confidential." All challenged Materials for which a protective order is not sought within this sixty (60)-day period shall thereafter not be accorded "Confidential" treatment under the terms of this Protective Order, unless and until otherwise ordered by the Court. This sixty (60)-day period may be reduced or extended by Court Order or by written stipulation of Counsel. The "Confidential" status of the Materials at issue shall be maintained until final ruling by the Court on any application for protective order. Notwithstanding the foregoing, nothing herein shall be construed to modify or waive the Parties' rights or obligations under the Court's Civil Chambers Rules, or any other applicable Court Orders regarding the matters described herein.

8.    **Duration of Protective Order/Return of "Confidential" Material**. Upon conclusion of the Action (whether by settlement, final order of dismissal, judgment, or otherwise, including the exhaustion of all permissible appeals), all persons and entities having received "Confidential" Materials that are not otherwise available to the public shall destroy such Materials within sixty (60) days after conclusion of the Action, including any copies, excerpts, and summaries of that Material, and must purge all such Material from all machine-readable media on which it resides.  If, prior to the conclusion of the Action, or prior to the destruction of "Confidential" Material after the Action, the Designating Party requests the return of "Confidential" Material disclosed by the Designating Party, the Receiving Party shall return the "Confidential" Material to the Designating Party within sixty (60) days after the conclusion of the Action. Notwithstanding the

foregoing, Counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work-product (regardless of whether such Materials contain or reference Materials designated as "Confidential" by any Party or non-party), provided such Counsel, and employees and agents of such Counsel, shall not disclose any non-public information contained or referenced in such Materials to any person except pursuant to this Protective Order, other Court Order or agreement with the Designating Party. All Materials, if any, returned to the Parties or their Counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

Notwithstanding the above, "Confidential" Materials once admitted into evidence at trial, will be presumptively available to all members of the public, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of a court record). Accordingly, unless otherwise ordered by the trial judge, such Material admitted into evidence at trial shall no longer be termed or designated as "Confidential" Material for any reason under the terms of this Protective Order.

9. **Subpoena or Demand for Production of "Confidential" Materials**. If any Receiving Party (or any other person) receiving Materials designated as "Confidential" by this Protective Order is: (a) subpoenaed in, or (b) served with a demand in another action to which he, she, or it is a party, or (c) served with any other legal process by one not a Party to this Action seeking Materials that were produced or designated as "Confidential" by someone other than the Receiving Party, the Receiving Party shall, unless

prohibited by law, give written notice, by personal or email correspondence, within seven (7) business days of receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiving Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party. If the Designating Party timely seeks a protective order, the Receiving Party may not produce the requested documents unless ordered to do so by a court. The Designating Party will be responsible for any and all attorneys' fees and costs incurred in seeking protection of its "Confidential" Material. If the Receiving Party provides notice as required in this Paragraph and the Designating Party fails to timely seek a protective order, disclosure of "Confidential" Materials by the Receiving Party shall not constitute a violation of this Protective Order. The Designating Party shall be solely responsible for timely asserting any objection and seeking a protective order to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of "Confidential" Materials covered by this Protective Order, or to disobey any legal process or court order that may subject such person to any penalties for non-compliance, or to seek any relief from the Court.

10. **Use of "Confidential" Material is Limited to This Action**. No Materials designated "Confidential" may be used by any Party for any reason other than the prosecution or defense of claims in, or the settlement of, the Action.

11. **Reservation of Rights**. Nothing within this Protective Order will prejudice the right of any Party to object to the production of any Materials on the grounds the Materials are protected by any privileges or privacy protections recognized by applicable law, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the

physician-patient privilege, and the psychotherapist-patient privilege. In addition, nothing contained in this Protective Order or any designation of "Confidential" Material hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party. Nothing in this Protective Order shall be deemed an admission that any particular information designated as "Confidential" is entitled to protection under this Protective Order or any other law. The Parties specifically reserve the right to challenge the designation of any Material as "Confidential." This Protective Order does not prejudice in any way the rights of any Party to object to the relevancy, authenticity, or admissibility into evidence of any Material subject to this Protective Order, or otherwise constitute or operate as an admission by any Party that any Material is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing.

12. **Enforcement of Protective Order**. Any Party seeking enforcement of this Protective Order against any other Party may petition the Court by properly noticed motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

13. **Continuing Jurisdiction**. The Court shall retain jurisdiction for a period of one (1) year after the conclusion of this Action to enforce the terms of the Protective Order.

14. **Modification of Protective Order by the Parties**. This Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

15. **Modification of Protective Order by the Court**. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings.

16. The foregoing is without prejudice to the right of any Party: (a)

1  to apply to the Court for a further protective order relating to any

2  "Confidential" Material subject to this Order; (b) to apply to the Court for an

3  order *permitting* disclosure of "Confidential" and protected Material, if

4  necessary.

5  **IT IS SO STIPULATED.**

6

7  Dated: December 4, 2024                **CEARTAS LEGAL**

8

9                                          By: /s/ Greg A. Klawitter

10                                             GREG A. KLAWITTER
                                               Attorneys for Defendant
11                                             THE LATINO COALITION, INC.

12

13  Dated: December 4, 2024                **OSTERGAR LATTIN JULANDER LLP**

14

15                                          By: /s/ John E. Lattin

16                                             JOHN E. LATTIN
                                               Attorney for Plaintiff
17                                             HECTOR BARRETO

18

19  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

20

21  Dated: December 4, 2024

22

23                                          Jean P. Rosenbluth
                                            Honorable Jean P. Rosenbluth
24

25

26

27

28

1

**EXHIBIT A**

2

**UNITED STATES DISTRICT COURT**

3

**CENTRAL DISTRICT OF CALIFORNIA**

4

| HECTOR BARRETO, | **Case No.: 2:24-cv-5227 MRA (JPRx)** |

Plaintiff,

v.

THE LATINO COALITION, INC.; and DOES 1-10, inclusive,

Defendants.

**STIPULATED PROTECTIVE ORDER**

<u>District Judge:</u>
Hon. Monica Ramirez Almadani
<u>Magistrate Judge:</u>
Hon.  Jean P. Rosenbluth

Complaint: May 17, 2024
Removal: June 21, 2024
Answer: June 20, 2024
Trial Date: TBD

13

I, _____, declare and say that:

14

1.     I am retained as _____

15

by _____

16

2.     I have received a copy and have read the Stipulated Protective Order

entered in *Hector Barreto v. The Latino Coalition, Inc.*, currently pending in the

Central District of California, Case No. 2:24-cv-5227 MRA (JPRx) (the "Action").

3.     I affirm that I will use any and all "Confidential" Materials, as defined

in the Stipulated Protective Order given to, or shared with, me only in a manner

authorized by the Stipulated Protective Order and only to assist Counsel in the

litigation of this Action.

4.     I affirm that I will not disclose or discuss such "Confidential"

Materials in any manner with anyone other than the persons described in Paragraph

II.5 of the Stipulated Protective Order for "Confidential" Materials.

5.     I acknowledge that, by signing this agreement, I am subjecting myself

to the jurisdiction of the United States District Court for the Central District of

California with respect to enforcement of the Stipulated Protective Order.

6.    I understand that any disclosure or use of "Confidential" Materials in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of Court.

7.    I understand that all Materials designated as "Confidential" in the Stipulated Protective Order, including but not limited to all copies thereof or notes made therefrom, shall be maintained in a secure manner and, following the conclusion of this Action, shall be destroyed or returned as required by Paragraph II.8 of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____, _____, at _____, _____.

Date: _____          _____
                                                      Signature

*AMENDED* STIPULATED PROTECTIVE ORDER